UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 15-61167-fra13 |
| ANTHONY GERARD D'AGNESE, ) | |
| ) | MEMORANDUM OPINION |
| Debtor. ) | |

Debtor Anthony D'Agnese has filed a petition to reorganize under Chapter 13 of the Bankruptcy Code, and filed a proposed plan of reorganization dated June 9, 2015. Susanne D'Agnese, Debtor's former wife, objects to confirmation, asserting that the plan was not proposed in good faith, as required by 11 U.S.C. § 1325(a)(3).

An adjourned confirmation hearing was convened on November 10, 2015. Based on the evidence presented at the confirmation hearing, and the extensive stipulated facts submitted by the parties (docket #44) the Court finds that the Debtor has failed to sustain his burden of proof that his plan complies with the good faith requirement of the Code.

I. BACKGROUND

Anthony and Susanne D'Agnese were married in 1979. During the course of their marriage they established and operated a small business called The Bagel Tree Cafe. The marriage was dissolved in 2006. A stipulated general judgment of dissolution was entered in the Circuit Court for Douglas County, Oregon, on August 25, 2006 (hearing Exhibit A, and stipulated statement of facts, paragraph 2).

// // //

Page 1 - MEMORANDUM OPINION

The stipulated judgment provides, at paragraph 7, that "Husband and Wife acknowledge that the disposition of the property, whether or not equal, is just and proper under all of the circumstances. The parties intend this Stipulated General Judgment of Dissolution of Marriage; Money Award ('Stipulated Judgment') to settle all claims each may have had against the other prior to this Stipulated Judgment." The judgment goes on to award to the Debtor all of the parties' business interest in The Bagel Tree Cafe, "including but not limited to all equipment, fixtures, inventory, accounts, and goodwill, but subject to all debts thereon, and the 'offsetting payment', described below." (Dissolution Judgment, paragraph 6.E.). The judgment also required Debtor to pay all debts of the business, and hold Ms. D'Agnese harmless therefrom. An additional provision (paragraph 7.A.(2)) required the Debtor to pay a debt owed to Ms. D'Agnese's mother's trust, in the sum of $50,000, and a debt owed to his aunt, Rosemary Murray, in the sum of $50,000.

Finally, the judgment of dissolution, at paragraph 8, contained the following:

<u>EQUALIZING MONEY JUDGMENT/OFFSETTING PAYMENT TO WIFE</u>. In consideration of the award of the Bagel Tree business to Husband, and the other terms of this judgment, Husband shall pay to Wife and Wife shall have a judgment against Husband for the additional sum of $175,000 (called the "offsetting payment") payable as follows: In equal monthly payments of $1987.68, including 6.5% interest, payments commencing on the 20th day of the month following the execution of this judgment, and every month thereafter until paid in full, and interest commencing on the same date. Husband shall also execute a promissory note commemorating this debt within 30 days of execution of this Stipulated Judgment. The entire outstanding balance shall be due 5 years after the note date except that the note amount shall be paid in full upon any sale or transfer to any person or business of the Bagel Tree business, or taking on a partner therein, should any of these events occur before the debt would otherwise be payable pursuant to the note. Husband shall execute or facilitate the execution, or both, a UCC financing statement, securing the promissory note with the Bagel Tree and any property, fixtures, accounts and like property, as collateral thereto. Husband shall comply with this provision within 90 days of execution of this judgment. There is no penalty for prepayment of this offsetting payment. There is a 3% late fee for each installment not paid by the monthly due date (20th of the month). Husband shall secure a life insurance policy with Wife as beneficiary to secure this section of the Stipulated Judgment as set forth in the life insurance sections set out above.

After the dissolution of the parties' marriage, the business's prospects declined, and eventually Debtor was forced to invade retirement savings and other resources to keep it afloat. On March 31, 2011, the Debtor sold the business for $129,000, of which amount $14,000 was reserved to pay business creditors, with the balance of $115,000 cash paid directly to the Debtor. The Debtor applied some of the proceeds to pay the obligation owed to his aunt. Significantly, he did not pay any of the sale proceeds to Ms. D'Agnese,

notwithstanding the requirement of the judgment of dissolution that the balance of the equalizing money judgment be paid in full upon the sale of the business.[1]

The Debtor now proposes a plan of reorganization which will pay his legal fees, and approximately 1% of the claims of unsecured creditors, including Ms. D'Agnese. According to the claims register, Ms. D'Agnese, in her own right and as successor to the claim of the Ruby Osborn Trust, has total claims of $251,136.49, roughly 98% of the total. The Debtor acknowledges that confirmation and completion of his plan will result in a discharge of Ms. D'Agnese's claim, whereas proceeding in chapter 7 would not.

## II. DISCUSSION

In order to be confirmed, a plan of reorganization must be proposed in good faith. 11 U.S.C. § 1325(a)(3). The debtor bears the burden of proving that his plan satisfies the criteria of Code § 1325, including the good faith requirement. *In re Wolff*, 22 B.R. 510 (BAP 9th Cir. 1982); *In re Hall*, 268 B.R. 545, (BAP 9th Cir. 2001).

Code § 1325 provides no explanation or definition of the term "good faith." The Court of Appeals for the Ninth Circuit has noted that "given the nature of bankruptcy courts and the absence of congressional intent to specially define 'good faith,' we believe that the proper inquiry is whether the [debtor] acted equitably in proposing [his] chapter 13 plan. A bankruptcy court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his chapter 13 plan in an equitable manner." *In re Goeb*, 675 F.2d, 1386, 1390 (1982).

The Court of Appeals applied the *Goeb* standard where the purpose of a plan was to defeat state court litigation. In *In re Chinichian*, 784 F.2d 1440 (9th Cir. 1986), the court, citing to *Goeb*, affirmed a bankruptcy court's decision not to confirm a plan which the court found was filed for the sole purpose of preventing consummation of a state court specific performance judgment. The court noted that "a good faith

// // //

---

[1] It appears, moreover, that the Debtor did not comply with the requirement that repayment be secured by the assets of the business.

Page 3 - MEMORANDUM OPINION

test....should examine the intentions of the debtor and the legal effect of the confirmation of a chapter 13 plan in light of the spirit and purposes of chapter 13."

In a case similar to this one, the Bankruptcy Court in New Mexico denied confirmation of a chapter 13 plan by which debtor sought to discharge debt arising from his misappropriation of retirement funds in which his ex-wife had been granted a part interest by the dissolution court. *In re Rodriguez*, 487 B.R. 275 (Bankr. D. N.M. 2013).

The terms of the judgment dissolving Debtor's marriage, which was stipulated to by the parties, required him to make and deliver to Ms. D'Agnese a promissory note for the amount of the equalizing judgment to secure payment of the note by the business property, and to pay the balance of the obligation at such time as the business was sold. None of these things were done: when the Debtor sold the business he applied none of the proceeds to his obligation to his former wife, while paying other obligations and retaining the balance for his own use. There was testimony that the Debtor attempted to reach a compromise with Ms. D'Agnese after the fact, which she declined to agree to. This does not matter: she had every right under the judgment to demand payment in full, or at least payment of all the proceeds of sale, and the Debtor cannot now argue that he is proceeding in good faith because of her disinclination to accept a forced discount.

### III. CONCLUSION

Debtor's plan of reorganization was not proposed in good faith, and therefore cannot be confirmed. Ms. D'Agnese asserts that, because the Debtor did not propose his plan in good faith, and because his action in filing the petition was not in good faith (as required by § 1325(a)(7)), the case should be converted to one under chapter 7, or dismissed with an order barring the Debtor from filing for at least two years. I do not find that the petition was filed in bad faith. At the time the petition was filed, the Debtor's income was minimal, he had no equity in any real property, and virtually nothing in the way of nonexempt personal assets. It is clear that some form of relief under Title 11 is warranted. What the Court does find is that this particular plan was not proposed in good faith, since it proposes to pay virtually nothing on an obligation which remains unpaid in large part due to the Debtor's inequitable conduct, and further seeks to discharge that obligation.

The Court will enter an order dismissing the Debtor's case within 28 days of the date of the order, unless, prior to that time, the Debtor files a modified plan which provides for equitable treatment of Ms. D'Agnese's claim (including waiver of any discharge of the claim), or files a motion to convert the case to one under chapter 7.

The foregoing constitutes the Court's findings of fact and conclusions of law. As noted, an order consistent with the foregoing will be entered.

FRANK R. ALLEY, III
Bankruptcy Judge

Page 5 - MEMORANDUM OPINION